JAMES J. GODFREY, Plaintiff, *v.* ANTONIA BAUMER MATZENE and Others, Defendants.

Application *ex parte* on behalf of Joseph G. Glass, as receiver, etc., to vacate a restraining order granted by the Supreme Court at chambers in Westchester county, dated March 3, 1916, in an action pending in that court, enjoining the receiver and other named defendants in said action from taking any proceedings in another action pending in Onondaga county, entitled *Matzene* v. *Godfrey*, until the hearing and determination of the motion contained in the order here sought to be vacated.

PER CURIAM: The application *ex parte* to vacate the injunction should be denied. While the Appellate Division of this department may have power under section 626 of the Code of Civil Procedure to vacate and set aside without notice the injunction order (*Matter of Porter*, 30 App. Div. 251), we think the power should not be exercised. It is not so clear that the papers upon which the order was granted do not make out a case for a temporary restraining order as to warrant setting aside the order summarily and without notice. This motion must be determined upon those papers alone. The order to show cause why the injunction should not be continued is returnable at Special Term to-morrow, at which time a full hearing may be had, and we cannot assume that that court will not make a proper disposition of the matter. All concurred, except Merrell, J., who dissented. Application denied.

---

In the Matter of the Application of the STATE COMMISSION OF PRISONS, Appellant, with Regard to the Construction, Management and Affairs of the Cayuga County Jail.

THE BOARD OF SUPERVISORS OF CAYUGA COUNTY, Respondent.

*County — improvements to jail.*

Appeal from part of an order of the Supreme Court, entered in the Cayuga county clerk's office on the 2d day of May, 1914.

PER CURIAM: The order from which this appeal is taken requires the board of supervisors of Cayuga county to make certain alterations and improvements in the jail. The board of supervisors is willing to comply with the order, but the State Commission of Prisons, which instituted the proceeding, contends that the order does not go far enough to remedy the unsanitary condition and other deficiencies of the jail. While it is not at all certain that the alterations directed to be made will be sufficient to meet the requirements of the statute, we will make no further direction at this time if the board of supervisors promptly complies with the order and such alterations prove to be sufficient. These proceedings were commenced more than two years ago, and the appeal has been pending nearly as long. Of course the record does not disclose the present condi-

tion of the jail, but it is conceded that nothing has been done to comply with the order, and the excuse offered therefor is the pendency of the appeal. While the judgment of the State Commission of Prisons is not conclusive upon the question it is entitled to great weight. The statute imposes the duty upon that Board of inspecting the jails and other like institutions, and seeing that the requirements of the statute respecting the jails and the care of the inmates be observed.* If the board of supervisors deems it prudent to proceed with the alterations and improvements directed by the order, and not those recommended by the Commission, it may do so, but, if they prove insufficient, the State Commission of Prisons is at liberty to commence a new proceeding, even to the extent of compelling the construction of a new jail if necessary. The affirmance of this order will be without prejudice to the commencement of any proceeding in the future which the Commission may deem necessary or proper. The order should be affirmed, but without costs to either party. All concurred. Order affirmed, without costs.

---

Thomas P. Ford and Others, Appellants, v. Carrie M. Bustin, Respondent.

Motion for reargument of an appeal from a judgment of the Supreme Court, entered in the Onondaga county clerk's office on the 1st day of June, 1914, and also from an order entered on the 12th day of May, 1914.

Per Curiam: Upon this motion for reargument it is urged that the court failed to appreciate appellants' contention that the case was submitted to the jury upon the wrong theory of the defense pleaded and which the evidence tended to establish. Whatever merit there may be in the point, we think it is not available to plaintiffs on the appeal as a ground of error for the reason that no objection was made at the trial to the submission of the case on the theory adopted or request to submit it upon any other theory, and no exception was taken which presents the question here. Upon the other grounds urged upon this motion we find nothing that was not fully considered by us or that we think points to any error in our decision. (See 172 App. Div. 931.) Motion for reargument denied, with ten dollars costs.

---

Arthur C. Augrom and Another, Respondents, v. Myron S. Curtis and Another, Appellants.— Appeal dismissed, without costs, upon stipulation filed.

---

* See Prison Law (Consol. Laws, chap. 43; Laws of 1909, chap. 47), §§ 46-48, 52.— [Rep.